**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JEROME WOLFE                                                     CIVIL ACTION

VERSUS                                                                   NO. 09-3366

WARDEN, BURL CAIN                                         SECTION "I" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, and for the following reasons, the court finds that the instant petition is timely and **IT IS HEREBY RECOMMENDED** that the State be ordered to address the merits of petitioner's claims.

## PROCEDURAL HISTORY

Petitioner, Jerome Wolfe, presently incarcerated in Dixon Correctional Center

located in Jackson, Louisiana,[1] was charged by grand jury indictment with second degree murder. Petitioner was tried by jury in the Thirty-Second Judicial District Court for the Parish of Terrebonne and found guilty of the lesser offense of manslaughter. The trial court sentenced petitioner to 40 years incarceration at hard labor. On June 25, 2004, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Wolfe*, 876 So.2d 966 (Table), No. 2003-KA-0409 (La. App. 1 Cir. 2004) (unpublished opinion).[2] On March 11, 2005, the Louisiana Supreme Court denied petitioner's writ application, *State v. Wolfe*, 896 So.2d 60 (La. 2005), thereby rendering petitioner's conviction and sentence final.

The State, in its response (rec. doc. 15), submits that petitioner filed with the state district court a *pro se* application for State post-conviction relief on March 5, 2007. The State utilizes March 5, 2007 as the filing date of petitioner's post-conviction application as this is the date stamped on the pleading by the Deputy Clerk of Court for the Parish of Terrebonne, Louisiana. On October 2, 2007, the state district court denied petitioner's application for post-conviction relief.[3]

On October 11, 2007, petitioner filed a "Notice of Intent", advising the district

---

[1] When petitioner filed the instant action, he was incarcerated in the Louisiana State Penitentiary located in Angola, Louisiana.

[2] State rec., vol. 4 of 5, pp. 1012-1027.

[3] State rec., vol. 4 of 5, p. 1083.

court that he planned to file a writ application with the Louisiana First Circuit Court of Appeal in connection with the district court's adverse opinion.[4] The district court provided petitioner with over a month, until November 26, 2007, within which to file a supervisory writ with the state appellate court.[5] Petitioner filed his writ application with the Louisiana First Circuit on November 12, 2007, well within the time limit set by the state district court.[6] On February 6, 2008, the Louisiana First Circuit Court of Appeal denied petitioner's writ application. *State v. Wolfe*, No. 2007-KW-2302 (La. App. 1 Cir. Feb. 6, 2008) (unpublished decision).[7]

On March 6, 2008, petitioner filed a writ application with the Louisiana Supreme Court seeking relief from the appellate court's February 6, 2008 adverse opinion.[8] On December 19, 2008, the Louisiana Supreme Court denied petitioner's writ application.

---

[4]State rec., vol. 4 of 5, pp. 1087-1088. October 11, 2007 represents the date petitioner signed his "Notice of Intent". As provided in *Causey v. Cain*, 450 F.3d 601, 604-605, discussed *infra* at p. 7, the date a *pro se* prisoner signs his state court pleading is generally considered to be the pleading's filing date for purposes of ascertaining the timeliness of the prisoner's federal habeas corpus application.

[5]State rec., vol. 4 of 5, p. 1089.

[6]State rec., vol. 4 of 5, pp. 1102-1130.

[7]State rec., vol. 4 of 5, p. 1216.

[8]A review of the pertinent writ application, contained in the State rec., vol. 4 of 5, pp. 1218-1240, reflects that petitioner did not sign his writ application to the state high court. However, a letter, dated April 2, 2008, from John Tarlton Olivier, the Clerk of Court for the Louisiana Supreme Court, provides that petitioner's writ application was post marked "3/6/2008". (State rec., vol. 4 of 5, p. 1217). Accordingly, the court will utilize March 6, 2008 as the filing date for purposes of determining the timeliness of the instant action.

*State ex rel. Wolfe v. State*, 996 So.2d 1128 (La. 2008).

Petitioner filed the instant action for federal habeas corpus relief on April 9, 2009.[9] In its response, the State does not contest the fact that petitioner has exhausted his state court remedies, *see Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but asserts that the matter should be dismissed as time-barred. For the following reasons, the court disagrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[10] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's conviction

---

[9]This April 9, 2009 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[10]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

became final on March 11, 2005, and his time for seeking review expired on June 9, 2005, ninety days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, petitioner had a year from June 9, 2005, or until June 9, 2006, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on April 9, 2009, almost three years after the date it was due. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The State argues that 634 days expired between June 9, 2005, when petitioner's time for seeking relief expired, to March 5, 2007, when he sought post-conviction relief from the state district court. However, petitioner has submitted to this court exhibits (rec. doc. 12) reflecting that he attempted to file his application for post-conviction with the state district court on February 17, 2006.

Specifically, petitioner has submitted a copy of his "Inmate's Request for

5

Legal/Indigent Mail" reflecting that on "2/17/06" he requested funds from his inmate account for the purpose of mailing a post-conviction writ application and letter to the Thirty-Second Judicial District Clerk of Court in Houma, Louisiana.

Petitioner has also submitted correspondence dated May 24, 2006, which he sent to the Clerk of Court for the Thirty-Second Judicial District Court, along with the Terrebonne Parish District Attorney's Office, concerning the "Post Conviction Relief Application that I filed in this court on 2/17/06." In this letter, petitioner observed that no response had been filed to his post-conviction application and he requested that the district attorney's office file a response.[11]

Further, petitioner has submitted to this court a letter dated "2/26/07" to the clerk of court in which he reiterated that he filed his post-conviction application on February 17, 2006, stated that on May 24, 2006 he inquired about the status of his post-conviction application, but received no response, and informed that a family member, who had contacted the clerk's office, recently told him that the district court had not received his post-conviction application. Accordingly, petitioner advised that he was resubmitting his post-conviction writ application and requested that his original filing date of February 17, 2006 be utilized for purposes of determining the filing date of his resubmitted post-conviction application.

---

[11]A copy of petitioner's "Inmate's Request for Legal/Inmate Mail" dated "5/24/06", which is also part of rec. doc. 12, reflects that a copy of his May 24, 2006 correspondence, which was addressed to the clerk of court, was sent to the district attorney's office.

In *Causey v. Cain*, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. As noted earlier, under the "mailbox rule," the date a *pro se* prisoner's pleading is provided to prison officials for mailing is the date it is considered filed. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

As noted above, petitioner requested that funds be withdrawn from his inmate account for a "Post Conviction Writ Application & Letter" to be sent to "Clerk of Court, P.O. Box 1569, Houma, La. 70360", on "2/17/06".[12] Based upon this evidence and in light of petitioner's *pro se* status, the court finds February 17, 2006 to be the date upon which petitioner provided his state post-conviction application to prison officials for mailing. As such, February 17, 2006 is the appropriate filing date for purposes of determining the timeliness of the instant federal habeas application.

Utilizing the above date, petitioner's one-year prescriptive period, which commenced to run on June 9, 2005, when his time for seeking review expired, was tolled on February 17, 2006. At that point, 252 days of petitioner's 365-day statute of limitations had expired.

---

[12]This court has confirmed, via a telephone conference with the Thirty-Second Judicial District Court Clerk's Office, that the above-referenced post office box is the proper mailing address for the Clerk of Court.

Following the state district court's October 2, 2007 denial of post-conviction relief, petitioner timely filed supervisory writs with the state appellate and state high courts.[13] As such, prescription remained tolled during the time petitioner's post-conviction proceeding was pending in the state court system. *See generally Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001).

The statute of limitations once again commenced to run on December 19, 2008, when the Louisiana Supreme Court denied petitioner's writ application. Petitioner allowed another 110 prescription days to expire before filing the instant action on April 9, 2009. Accordingly, a total of 362 days of petitioner's 365-day statute of limitations expired before he sought federal habeas corpus relief. As such, his habeas petition is timely.

RECOMMENDATION

It is therefore RECOMMENDED that the State be ordered to address the merits of petitioner's claims within forty-five days or no later than October 15, 2010.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[13]*See* discussion *supra* at pp. 2-3.

consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[14]

New Orleans, Louisiana, this __30th_ day of _____August_____, 2010.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[14]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.